IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Mark E. ROBINSON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark E. ROBINSON, Respondent.

Supreme Court

*No. 2004AP1238–D. Decided November 10, 2006.*

2006 WI 124

(Also reported in 723 N.W.2d 429.)

¶ 1. PER CURIAM. We review a referee's report recommending that Mark E. Robinson's license to practice law in Wisconsin be reinstated. The Office of

Lawyer Regulation (OLR) and the Board of Bar Examiners (BBE) have both joined in that favorable recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Robinson's license to practice law should be reinstated. We further direct Attorney Robinson to pay the costs of the reinstatement proceeding, which total $4151.02 as of September 7, 2006.

¶ 3. Attorney Robinson was admitted to practice law in Wisconsin in 1991. On June 24, 2005, this court suspended his license to practice law, effective August 6, 2005, for six months for professional misconduct consisting of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; representing a client where the representation may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests; violating or attempting to violate the Rules of Professional Conduct or knowingly assisting or inducing another to do so; and communicating about the subject of the representation of a client with a party the lawyer knows to be represented by another lawyer, without the consent of the other lawyer. *See In re Disciplinary Proceedings Against Robinson,* 2005 WI 88, 282 Wis. 2d 216, 700 N.W.2d 757.

¶ 4. Attorney Robinson now seeks reinstatement of his license to practice law in Wisconsin. John R. Decker was appointed referee in the matter and conducted a formal hearing on the reinstatement petition. The referee filed his report and recommendation on August 18, 2006. As noted above, the OLR and the BBE have both joined in that favorable recommendation.

¶ 5. SCR 22.31(1) provides the standard to be met for reinstatement of a law license. The petitioner has

the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).[1]

¶ 6.　The referee in this case concluded that Attorney Robinson had met all of the criteria for reinstatement and that he had met his burden of demonstrating that his license to practice law in Wisconsin should be reinstated. The referee specifically found that Attorney Robinson has fully acknowledged his misconduct.

¶ 7.　After review of the record we agree that Attorney Robinson has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly,

---

[1] SCR 22.31(1) provides: Reinstatement hearing.

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Robinson's license to practice law in Wisconsin. We further direct Attorney Robinson to pay the costs of the reinstatement proceeding.

¶ 8.   IT IS ORDERED that the petition for reinstatement of the license of Mark E. Robinson to practice law in Wisconsin is granted, effective the date of this order.

¶ 9.   IT IS FURTHER ORDERED that within six months of the date of this order Mark E. Robinson pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Mark E. Robinson to practice law in Wisconsin shall be suspended until further order of the court.